IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GREGORY LATHAM**, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

**PWCC MARKETPLACE, LLC**,

    Defendant.

Case No. 3:21-cv-01381-MO

OPINION & ORDER

**MOSMAN, J.**,

This motion comes before me on Defendant PWCC Marketplace, LLC's Motion to Dismiss [ECF 12]. For the reasons given below, I GRANT PWCC's motion and dismiss Plaintiff Gregory Latham's complaint with leave to amend.

## BACKGROUND

Defendant PWCC Marketplace sells trading cards online. Compl. [ECF 1] ¶¶ 1–3. Until recently, PWCC sold cards through eBay, the auction website. *Id.* ¶ 3. But in August 2021, eBay announced that it was restricting PWCC's selling privileges due to "individuals associated with" PWCC having engaged in "shill bidding." Blouin Decl. [ECF 13] Ex. 1. "Shill bidding" is when sellers—or their agents—place fake bids on their own auctions to inflate the price of the product. Compl. [ECF 1] ¶ 6.

Plaintiff Gregory Latham is a former customer of PWCC's; he claims to have bought several trading cards from PWCC, including an Eddie Collins baseball card bought through an

1 – OPINION & ORDER

eBay auction in August 2020. *Id.* ¶ 14. Latham brings this suit as a class action on behalf of "[a]ll persons who purchased goods from PWCC through an online auction." *Id.* ¶ 19.

Seeking recovery of actual damages and a statutory penalty, Latham alleges PWCC's practices violated the Oregon Unlawful Trade Practices Act ("UTPA"). *Id.* ¶¶ 33–48. Specifically, Latham brings this claim under Or. Rev. Stat. § 646.608(1)(v), which allows suit against those who violate the requirements for auction sales outlined in Or. Rev. Stat. § 698.640. *Id* ¶¶ 43, 46. Of those restrictions, Latham claims PWCC violated Or. Rev. Stat. § 698.640(2)(d), which prohibits auctioneers from "employ[ing] or us[ing] another person to act as a bidder or buyer at the auction…on behalf of the auctioneer." *Id.* ¶¶ 43, 46.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

When a plaintiff pleads that the defendant has engaged in fraud, the complaint must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). Under this standard, the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has interpreted the Rule 9(b) standard as requiring the plaintiff to identify the "time,

place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted).

## DISCUSSION

### I. Whether the Rule 9(b) Pleading Standard Applies

A pivotal question raised in the parties' briefing is whether Latham's UTPA claim "sounds in fraud," triggering the heightened pleading requirements of Rule 9(b). *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009). PWCC argues that Latham's claim is "grounded in fraud," Mot. to Dismiss [ECF 12] at 4, because the "underlying premise of [the] [c]omplaint aligns with the elements of fraud under Oregon law." Reply in Supp. of Mot. to Dismiss [ECF 17] at 6. Latham, in turn, contends he has not alleged any fraud because the UTPA provision he is suing under does not require him to show that PWCC "made any misrepresentations." Resp. to Mot. to Dismiss [ECF 16] at 10.

A complaint "sounds in fraud" if it "alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim." *Rubke*, 551 F.3d at 1161 (cleaned up). Thus, Latham fumbles by comparing the elements of fraud and the elements of the UTPA. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (refusing to consider state court interpretations of a state consumer protection statute in determining whether the plaintiff's complaint triggered Rule 9(b)). The proper comparison is between the elements of fraud and the course of conduct alleged in the complaint. *Rubke*, 551 F.3d at 1161. As a result, claims based on a specific statute may sound in fraud in some complaints but not in others. *See, e.g., Kearney v. Equilon Enters., LLC*, 65 F. Supp. 3d 1033, 1042–43 (D. Or. 2014) (holding a UTPA claim

sounded in fraud); *Silva v. Unique Beverage Co.*, No. 3:17-cv-00391-HZ, 2017 WL 2642286, at *13 (D. Or. June 15, 2017) (holding a UTPA claim did not sound in fraud).

In determining whether a claim alleges fraud, federal courts look to the elements of fraud under state law. *Kearns*, 567 F.3d at 1126. There are five elements to common-law fraud in Oregon: (1) "the defendant made a material misrepresentation that was false;" (2) "the defendant did so knowing that the representation was false;" (3) "the defendant intended the plaintiff to rely on the misrepresentation;" (4) "the plaintiff justifiably relied on that misrepresentation;" and (5) "the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Or.*, 258 P.3d 1199, 1209 (Or. 2011).

Latham's UTPA claim alleges a course of conduct that fits the elements of fraud. He alleges: (1) PWCC orchestrated fake bids on its auctions, Compl. [ECF 1] ¶¶ 7, 9; (2) PWCC did so intentionally, *id.* ¶¶ 6–7; (3) PWCC intended that members of the putative class rely on those bids as valid reflections of price, *see id.* ¶ 11; (4) members of the putative class justifiably relied on those shill bids, *id.* ¶¶ 10–11, and (5) members of the putative class were harmed as a result of that reliance, *id.* ¶¶ 11–12. Thus, even though Or. Rev. Stat. § 646.608(1)(v) does not require a plaintiff to prove a defendant committed fraud, I find that Latham's complaint is grounded in fraud. As such, Latham must meet the heightened pleading requirements of Rule 9(b).

II.     **Whether the Complaint Meets Rule 9(b) Pleading Standards**

In the face of the exacting standards of Rule 9(b), Latham has little to defend himself. The complaint alleges no specifics whatsoever. Instead, it makes a barebones assertion that, based on eBay's sanctions against PWCC, it must have engaged in shill bidding. *See* Compl. [ECF 1] ¶¶ 1–12. But the complaint does not even go that far: it fails to even allege that PWCC engaged in shill bidding itself, instead opting to borrow the language from the eBay announcement that

"individuals associated with PWCC" did so. *Id.* ¶¶ 5, 8; Blouin Decl. [ECF 13] Ex. 1. These associated individuals could be employees or agents, but they could also be those whose activities are completely unknown by PWCC. Most importantly, for the purposes of Rule 9(b), they have no identity. *Swartz*, 476 F.3d at 764.

The complaint also lacks particularity regarding PWCC's alleged shill bidding practices. Latham does not allege how often the shill bidding occurs or even allege a single specific instance where PWCC placed a shill bid. Though Latham describes a specific trading card that he purchased from PWCC on eBay, he does not claim that the price of the card was inflated by shill bidding. Compl. [ECF 1] ¶ 14. This vagueness falls far below the requirements of Rule 9(b) and is cause for dismissal.

However, because this is Latham's first bite at the apple and the deficiencies of his complaint are of fact rather than law, I dismiss his complaint with leave to amend.

## CONCLUSION

For the reasons given above, I GRANT PWCC's motion [ECF 12] and dismiss Latham's complaint with leave to amend.

IT IS SO ORDERED.

DATED this 25th day of January, 2022.

_____
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION & ORDER